# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEON WADE, | ) | 1:09cv599 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | ) | |
| FRESNO POLICE DEPARTMENT, et.al., | ) | |
| | ) | (Doc. 1) |
| | ) | |
| Defendants. | ) | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Deon Wade ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on April 3, 2009, and names the Fresno Police Department, Officers Fredrick Williams, Haywood Irving, David Wilkin and Bernard Finley[1] and Sgt. G. Beer as Defendants. His complaint arises out of an incident on April 25, 2008.

## DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff alternately refers to Defendant David Wilkin as "Wilken" and Defendant Bernard Finley as "Finly."

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.      Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.      Allegations

According to the complaint, on April 25, 2008, Plaintiff was visiting an acquaintance, Lamont White, in Pinedale. While Plaintiff was sitting on the porch of Mr. White's home, Officers Finley and Williams drove by several times and stopped their patrol vehicle in front of the house. Plaintiff walked inside before the officers exited the patrol car. At the door of the home, Defendants Finley and Williams asked for Lamont White's identification, which he provided. Defendants Finley and Williams also asked Lamont White about Plaintiff. Mr. White identified Plaintiff as "John." When Plaintiff appeared at the door, Defendants Finley and Williams asked him to step outside and then asked for his identification. Plaintiff said he left his identification at his girlfriend's house and provided her address. Defendant Finley called for another police unit to check the address and see if anyone could identify Plaintiff as "John Brison." When the other officers did not answer, Defendant Williams informed Plaintiff that

they would have to take him into custody, run a fingerprint check and handcuff him as standard procedure. Plaintiff submitted to the handcuffs and was driven to his girlfriend's home.

At his girlfriend's home, Plaintiff saw Officer Irving coming off the porch. Defendants Irving and Finley had a conversation. Defendants Irving and Finley then opened the rear doors of the patrol car and began using harsh language. Plaintiff started "hollering loudly" for his girlfriend to come out. Defendants Finley and Williams told him to shut up and that he was going to go to jail for assault of police officers. Plaintiff continued to holler, but was then punched in the face and choked by Defendant Finley. Plaintiff "nearly went unconscious" and felt his entire body burning. He realized that Defendant Finley tasered him. Defendants Williams and Officer Wilkin pulled him out of the car and asked him his true name. In handcuffs, Plaintiff ran toward the house, "hollering out" his girlfriend's name and running around the side of the house. Defendant Wilkin ran up to him and kicked him in the back. Plaintiff continued to the other side of the house, screaming out his girlfriend's name. Plaintiff was pushed to the ground and surrounded by officers. Defendant Wilkin kicked him in the rib cage and Plaintiff felt kicks and punches to his face and head area. Plaintiff blacked out and he regained consciousness in jail. Plaintiff alleges that he was charged with assault upon peace officers, resisting arrest, giving false information to police officers and drinking in public. Plaintiff asserts that all charges were dropped for lack of probable cause.

Plaintiff requests a court trial "against excessive force and assault for being falsely imprisoned." Complaint, p. 3. The Court construes Plaintiff's complaint as alleging causes of action for excessive force in violation of the Fourth Amendment and state law claims for assault and false imprisonment. Plaintiff's complaint appears to state a cause of action pursuant to 42 U.S.C. § 1983 as to Defendants Williams, Irving, Wilkin and Finley and the Fresno Police Department.

However, Plaintiff has failed to link Defendant Beer with an alleged deprivation of his rights. The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

3

causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by another which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff has not included any allegations in his complaint against defendant Sgt. Beer and has not linked him with any alleged deprivation. The Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Williams, Irving, Wilkin and Finley and the Fresno Police Department, Plaintiff may so notify the Court in writing, and the Court will issue Findings and Recommendations recommending that Defendant Beer be dismissed from this action, and will forward Plaintiff summonses and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

4

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Williams, Irving, Wilkin and Finley and the Fresno Police Department; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: May 4, 2009     /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE