# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON WADE, | CASE NO. 1:09-cv-00599 AWI DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT |
| v. | |
| FRESNO POLICE DEPARTMENT, et al., | (Docs. 9 and 10) |
| Defendants. | |

**Findings and Recommendations Following Screening of Complaint**

## I. Procedural History

Plaintiff Deon Wade ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 3, 2009.

On May 4, 2009, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants Williams, Irving, Wilkin and Finley and the Fresno Police Department regarding excessive force, but does not state any claim against Defendant Sgt. G. Beer. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On May 19, 2009, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, the instant Findings and Recommendations now issues.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### III. **Failure to State a Claim**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### IV. **Plaintiff's Claims**

According to the complaint, on April 25, 2008, Plaintiff was visiting an acquaintance, Lamont White, in Pinedale. While Plaintiff was sitting on the porch of Mr. White's home, Officers Finley and Williams drove by several times and stopped their patrol vehicle in front of the house. Plaintiff walked inside before the officers exited the patrol car. At the door of the home, Defendants Finley and Williams asked for Lamont White's identification, which he provided. Defendants Finley and Williams also asked Lamont White about Plaintiff. Mr. White identified Plaintiff as "John." When Plaintiff appeared at the door, Defendants Finley and Williams asked him to step outside and then asked for his identification. Plaintiff said he left his identification at his girlfriend's house and provided her address. Defendant Finley called for another police unit to check the address and see if anyone could identify Plaintiff as "John Brison." When the other officers did not answer,

Defendant Williams informed Plaintiff that they would have to take him into custody, run a fingerprint check and handcuff him as standard procedure. Plaintiff submitted to the handcuffs and was driven to his girlfriend's home.

At his girlfriend's home, Plaintiff saw Officer Irving coming off the porch. Defendants Irving and Finley had a conversation. Defendants Irving and Finley then opened the rear doors of the patrol car and began using harsh language. Plaintiff started "hollering loudly" for his girlfriend to come out. Defendants Finley and Williams told him to shut up and that he was going to go to jail for assault of police officers. Plaintiff continued to holler, but was then punched in the face and choked by Defendant Finley. Plaintiff "nearly went unconscious" and felt his entire body burning. He realized that Defendant Finley tasered him. Defendants Williams and Officer Wilkin pulled him out of the car and asked him his true name. In handcuffs, Plaintiff ran toward the house, "hollering out" his girlfriend's name and running around the side of the house. Defendant Wilkin ran up to him and kicked him in the back. Plaintiff continued to the other side of the house, screaming out his girlfriend's name. Plaintiff was pushed to the ground and surrounded by officers. Defendant Wilkin kicked him in the rib cage and Plaintiff felt kicks and punches to his face and head area. Plaintiff blacked out and he regained consciousness in jail. Plaintiff alleges that he was charged with assault upon peace officers, resisting arrest, giving false information to police officers and drinking in public. Plaintiff asserts that all charges were dropped for lack of probable cause.

Plaintiff requests a court trial "against excessive force and assault for being falsely imprisoned." Complaint, p. 3. The Court construes Plaintiff's complaint as alleging causes of action for excessive force in violation of the Fourth Amendment and state law claims for assault and false imprisonment. Plaintiff's complaint appears to state a cause of action pursuant to 42 U.S.C. § 1983 as to Defendants Williams, Irving, Wilkin and Finley and the Fresno Police Department.

However, Plaintiff has failed to link Defendant Beer with an alleged deprivation of his rights. The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1 Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by another which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff has not included any allegations in his complaint against defendant Sgt. Beer and has not linked him with any alleged deprivation.

**V.     Conclusion and Recommendations**

Plaintiff's complaint appears to state a cause of action pursuant to 42 U.S.C. § 1983 as to Defendants Williams, Irving, Wilkin and Finley and the Fresno Police Department, but fails to state a claim against Defendant Beer. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Williams, Irving, Wilkin, Finley and the Fresno Police Department; and

2. Defendant Beer be dismissed from this action based on Plaintiff's failure to state any claims against him.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 22, 2009**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE