**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON WADE, | ) 1:09cv0599 AWI DLB |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S ) REQUEST FOR APPOINTMENT OF ) COUNSEL |
| v. | ) |
| FRESNO POLICE DEPARTMENT, et al., | ) (Document 17) |
| | ) |
| Defendants. | ) |
| _____ | ) |

    Plaintiff Deon Wade ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this action. Plaintiff filed his complaint on April 3, 2009.

    On July 30, 2009, Plaintiff filed a motion to appoint counsel and a declaration of indigence.[1] Plaintiff contends that counsel must be appointed for an indigent plaintiff based on California Rule of Court 4.551(c)(2).

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

---

[1] Plaintiff's motion and declaration are handwritten, but unsigned. As stated in the Informational Order entered April 23, 2009, all documents submitted for filing must include the original signature of the filing party. Fed. R. Civ. P. 11; Local Rule 7-131(b). Plaintiff is cautioned that all future documents submitted without the required signature will be stricken.

1

28 U.S.C. § 1915(e)(1).  <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances.  <u>See</u> <u>Rand</u>, 113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases on a regular basis.  Therefore, Plaintiff's request for the appointment of counsel shall be DENIED.

IT IS SO ORDERED.

Dated:   **August 7, 2009**                    /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE