# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON WADE, | 1:09cv0599 AWI DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| FRESNO POLICE DEPARTMENT, et al., | (Doc. 50) |
| Defendants. | |

Plaintiff Deon Wade, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 3, 2009. On October 4, 2010, Plaintiff filed a motion requesting various forms of equitable relief, none of which Plaintiff is entitled to at this juncture, if at all. Plaintiff seeks an order requiring officers at High Desert State Prison to allow him access to the law library, prohibiting High Desert State Prison officers from withholding his mail and mandating that he be transferred from state prison to the Fresno County Jail until the conclusion of this lawsuit. Plaintiff's underlying action does not involve officers at High Desert State Prison. Defendants are officers with the Fresno Police Department.

The time for Defendants to submit any opposition to Plaintiff's request for preliminary relief has not expired. However, the Court's resolution of Plaintiff's request prior to Defendants' response will not result in prejudice to Defendants because there is no merit to Plaintiff's request.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order prohibiting non-parties from retaliating against him for filing this lawsuit, an order requiring non-parties to permit Plaintiff to access the law library and his mail, or an order transferring him from state prison to county jail. Such equitable relief, by its very nature, is not sufficiently related to Plaintiff's underlying legal claim to satisfy the jurisdictional requirements that apply to federal courts.

Accordingly, the Court RECOMMENDS that Plaintiff's motion for preliminary injunctive relief BE DENIED because the Court lacks jurisdiction to issue the orders sought.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served

1  with a copy, any party may file written objections with the court and serve a copy on all parties.
2  Such a document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations." Replies to the objections shall be served and filed within fourteen (14) days
4  after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant
5  to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

8      IT IS SO ORDERED.

9      Dated:   **October 9, 2010**               /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE