# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEON WADE, | ) | 1:09cv0599 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR APPOINTMENT OF |
| | ) | COUNSEL |
| v. | ) | |
| | ) | (Document 67) |
| FRESNO POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff Deon Wade ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action. Plaintiff filed his complaint on April 3, 2009.

    On July 30, 2009, Plaintiff filed a motion to appoint counsel and a declaration of indigence. The Court denied Plaintiff's motion on August 7, 2009.

    On August 19, 2010, Plaintiff renewed his motion to appoint counsel. The Court denied Plaintiff's motion on August 24, 2010.

    Now pending before this Court is Plaintiff's third motion for appointment of counsel filed on March 24, 2011. Plaintiff states that he is proceeding in forma pauperis and cannot afford counsel. Plaintiff further states that his mental condition hinders his ability to adequately represent himself, noting that he is a mental health participant and is on medication. In support of his motion, Plaintiff attached certain mental health records generated during his incarceration at High Desert State Prison.

1    As the Court previously explained to Plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

Here, the Court has not found the required exceptional circumstances. See Rand, 113 F.3d at 1525. As the Court found once before, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases on a regular basis.

Plaintiff appears able to adequately articulate his claims and he has prepared multiple filings in this case. Although Plaintiff's mental health records include a diagnosis of depression, there is no indication that he suffers from any deficits in intellectual functioning or judgment.

Therefore, Plaintiff's renewed request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   March 28, 2011            /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE