**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEON WADE, | ) | 1:09cv0599 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| Plaintiff, | ) | MOTION TO COMPEL AS MOOT |
| | ) | (Document 60) |
| v. | ) | |
| | ) | |
| FRESNO POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Deon Wade ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Officer Fredrick Williams, Officer Haywood Irving, Officer David Wilkin, and Officer Bernard Finley ("Defendants").

Pending before the Court is Defendants' motion to compel filed on February 17, 2011. Doc. 60. Plaintiff filed an opposition on March 24, 2011. Doc. 66. Defendants filed their reply on March 29, 2011. Thereafter, Plaintiff filed a supplemental response on March 30, 2011. Doc. 70. The matter is submitted pursuant to Local Rule 230(l).

1

**DISCUSSION**

**I.  Motion to Compel**

By the instant motion, Defendants seek an order compelling Plaintiff to supplement his responses to Defendants' Special Interrogatories Sets One and Two and an order compelling Plaintiff to sign an Authorization to Release Mental Health Records.  On March 30, 2011, Plaintiff filed supplemental responses to the two sets of interrogatories, along with two signed release forms.  Doc. 70.

It appearing that Plaintiff has provided supplemental responses and a signed release, Defendants' motion to compel is DENIED AS MOOT.  However, if Defendants believe the supplemental responses or the signed releases are deficient, they may file a motion to compel further responses.

**II.  Fees and Costs**

Defendants request an award of fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  If the requested discovery is provided after a motion to compel is filed, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).  However, the Court must not order payment if, among other things, circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(iii).  In this instance, the Court declines to award expenses because Plaintiff is proceeding pro se in this matter.  Defendants also have suggested that there may have been a misunderstanding regarding the terms used in the authorization for release of mental health records.  Doc. 69.

**CONCLUSION**

Based on the above, Defendants' motion to compel is DENIED AS MOOT.  Additionally, Defendants' request for fees and costs is DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2011**            /s/ **Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE