IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON WADE,<br><br>            Plaintiff,<br><br>      v.<br><br>FRESNO POLICE DEPARTMENT, et al.,<br><br>            Defendants. | 1:09-CV-0599 AWI-BAM<br><br>**ORDER FOR ADDITIONAL BRIEFING TO BE FILED BY DECEMBER 9, 2011** |

Currently pending before the Court is Defendants' motion for summary judgment. In Defendants' reply in support of their motion, they request that the Court strike two declarations pursuant to Federal Rule of Civil Procedure 37(c)(1).[1] See Court's Docket Doc. No. 79 at p. 2. The declarations at issue were filed as exhibits to Plaintiff's opposition brief, and purport to be made by Lamont White and Camilla/Camella Jones,[2] witnesses to the events alleged in Plaintiff's complaint. See id. at Doc. No. 78. Defendants argue that Plaintiff failed to identify the

---

[1] Although Defendants designate their argument a "Motion to Strike the Declaration of Lamont White and C. Jones," the Court will construe it as part of Defendants' argument in support of their motion for summary judgment. The motion to strike was not docketed as a separate motion and, therefore, Plaintiff, who is proceeding *pro se*, was likely unaware that he was entitled, under Local Rule 230(l) (Fed. R. Civ. P. 78), to respond to the motion within 21 days from service.

[2] The Jones declaration is handwritten and somewhat difficult to read. The declarant's first name appears to be spelled "Camella" in the introductory paragraph, and "Camilla" in the signature block.

witnesses and disclose their declarations and contact information in discovery, or failed to supplement his discovery responses when he learned of such information. During Plaintiff's deposition on September 17, 2010, he testified that he no longer had a friendship with Lamont White, no longer communicated with Mr. White, and did not know where Mr. White resided. See Pl.'s Depo. at 76:9-15. Plaintiff was also asked if he knew of any witnesses who saw what happened. Id. at 98:19-20. Plaintiff identified only "Shamika" and "a little kid" named "Augie." Id. at 98:21, 99:13-21. Defendants also propounded special interrogatories requesting that Plaintiff identify all documents and individuals with knowledge of the facts supporting his contentions. See Suppl. Camarena Decl., Ex. I. On November 30, 2010, Plaintiff responded to each special interrogatory as follows: "After a reasonable search and diligent inquiry, Responding Party does not have information responsive to this request."

Nevertheless, Plaintiff attached to his opposition brief the White declaration, dated October 27, 2010, and the Jones Declaration, dated December 7, 2010. See Doc. No. 78, Exs. A, G. Federal Rule of Civil Procedure 26(a) requires initial witness disclosures, and Rule 26(e) requires that a party supplement his initial disclosures and discovery responses if he learns that in some material respect the disclosure or response is incomplete or incorrect. Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

The Court believes that Plaintiff is entitled to respond to Defendants' arguments with additional briefing on the issue of whether his failure to disclose the declarations and witness information was substantially justified or was harmless. The court will take this issue under submission and thereafter issue its decision on Defendants' motion for summary judgment.

Accordingly, the court ORDERS that:

  1.  On or before December 9, 2011, Plaintiff SHALL provide Defendants

1  with contact information for Mr. White and Ms. Jones; and

2.  On or before December 9, 2011, Plaintiff SHALL file a surreply to address the issue of whether his failure to disclose the White and Jones declarations and witness contact information to Defendants was substantially justified or was harmless.

3.  Plaintiff is forewarned that if he does not file a surreply by December 9, 2011, the Court will strike the White and Jones Declarations and will thereafter issue its decision on Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   November 21, 2011                                    _____
                                                                                    CHIEF UNITED STATES DISTRICT JUDGE